David Z. Woolf, Esquire
California Bar No. 306958
**Woolf Legal**
14500 Roscoe Blvd. 4th Floor
Van Nuys, CA 91402
Telephone:  (323) 804-0730
Email: david@woolflegal.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLARY HARRIS, | DOCKET NO. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| AMAZON.COM SERVICES, LLC AND FUTAI HOUSEHOLD PRODUCTS CO., LTD., | |
| Defendant. | |
| _____/ | |

Plaintiff, HILLARY HARRIS, through undersigned counsel, and pursuant to all applicable Federal Rules of Civil Procedure, hereby files this Complaint and alleges against Defendants, AMAZON.COM SERVICES, LLC, and FUTAI HOUSEHOLD PRODUCTS CO., LTD. and alleges as follows.

Complaint

## GENERAL ALLIGATIONS

1.     This Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2.     Plaintiff, at all times material hereto is and was a citizen of the State of California.

3.     That at all times material hereto, Defendant, AMAZON.COM SERVICES, LLC ("Amazon"), was and is a Delaware corporation incorporated under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

4.     Defendant, Amazon, is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5.     That at all times material hereto, Defendant, FUTAI HOUSEHOLD PRODUCTS CO., LTD. ("FuTai"), was and is a foreign corporation incorporated under the laws of China, with its principal place of business in Hong Kong.

6.     Defendant FuTai is subject to the jurisdiction of the Court because it operated, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or material which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7.     Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in the State of California.

Complaint

**FACTUAL BACKGROUND**

8.     On or about November 29, 2022, Plaintiff purchased a Topfun 8" folding 2-Step Stool ("Step Stool").

9.     Upon information and Upon information and belief, at all relevant times, Defendant, Amazon, is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Step Stool.

10.    Upon information and belief, at all relevant times, Defendant, Amazon, tested and/or inspected the Step Stool in order to ensure that it was free from defects and safe for consumer use.

11.    Upon information and Upon information and belief, at all relevant times, Defendant, FuTai, is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Step Stool.

12.    Upon information and belief, at all relevant times, Defendant, FuTai, tested and/or inspected the Step Stool in order to ensure that it was free from defects and safe for consumer use.

13.    The Step Stool is a portable household items, that's used to reach things that are out of reach.

14.    On or about April 15, 2023, Plaintiff was using the Step Stool and followed instructions enclosed with the Step Stool.

15.    While using the Step Stool to put away paper towels, it suddenly and without warning collapsed while Plaintiff was standing on it causing Plaintiff to fall to the floor.

16.    The Step Stool had not been misused and had not been modified post-sale before it failed.

17.    As a direct and proximate result of the Step Stool collapsing and Plaintiff crashing down

Complaint

onto the floor, Plaintiff was severely injured, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

### COUNT I – PRODUCTS/STRICT LIABILITY AGAINST AMAZON

18. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

19. At all relevant times, Defendant, Amazon, was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Step Stools and did design, manufacture, inspect, test, distribute, sell and/or market the Step Stool giving rise to the subject Complaint.

20. The Step Stool failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

21. The Step Stool had not been misused and had not been modified post-sale before it failed.

22. The Step Stool was within its anticipated useful life when it failed.

23. The Step Stool failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

24. Specifically, the Step Stool was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

Complaint

25. That unreasonably dangerous condition and/or defect proximately caused injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

26. Therefore, Defendant, Amazon, is liable to Plaintiff for the aforementioned injuries caused by the defective Step Stool.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE AGAINST AMAZON

27. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

28. Defendant, Amazon, owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Step Stool, and/or to adequately warn of dangers presented by the product's design.

29. Defendant, Amazon, knew, or in the existence of ordinary care, should have known, that the Step Stool was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

30. Alternatively, Defendant, Amazon, knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Step Stool such that the type of incident and resulting injuries and damages as described herein would have been prevented.

31. Alternatively, Defendant, Amazon, had actual or constructive knowledge of the means of designing a Step Stool that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant, Amazon, failed to adequately design, equip and/or manufacture the Step

Complaint

Stool.

32.    Alternatively, Defendant, Amazon, negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

33.    Alternatively, Defendant, Amazon, failed to prudently design, manufacture, test, inspect, market and/or sell the Step Stool, and/or failed to include a reasonable and safer alternative to the subject defective condition.

34.    As a direct and proximate result of Defendant, Amazon's, negligence, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillay Harris, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**COUNT III – BREACH OF EXPRESS WARRANTY AGAINST AMAZON**

35.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

36.    Defendant, Amazon, designed, manufactured, assembled, distributed, inspected, tested and/or sold the Step Stool.

37.    Defendant, Amazon, expressly warranted that the Step Stool was safe for ordinary use when used in compliance with the instructions provided.

38.    Defendant, Amazon's, affirmations regarding the safety of its product formed a basis

Complaint

if the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Step Stool.

39.    The Step Stool did not conform to Defendant, Amazon's affirmations regarding safety.

40.    As a direct and proximate result of Defendant, Amazon's, breach of express warranties, Plaintiff suffered s e v e r e injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST AMAZON

41.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

42.    Defendant, A m a z o n , at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Step Stool.

43.    Defendant, Amazon, impliedly warranted that the Step Stool was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Step Stool's safety features and overall safe condition.

44.    Defendant, Amazon, breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Step Stool, the Step Stool was not fit for the ordinary purpose for which it was sold

Complaint

or used, and/or was not of fair average quality so as to pass without objection in the trade.

45.     As a direct and proximate result of Defendant, Amazon's, breach of the implied warranty of merchantability, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST AMAZON

46.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

47.     Defendant, Amazon, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Step Stool.

48.     In selling the Step Stool to Plaintiff, Defendant, Amazon, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Step Stool to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

49. Defendant, Amazon, breached its implied warranty of fitness for a particular purpose, as the Step Stool did not conform to Defendant, Amazon's, affirmations regarding its

Complaint

product being fit for such particular purpose. The Step Stool's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

50. As a direct and proximate result of Defendant, Amazon's, breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## <u>COUNT VI – FAILURE TO WARN AGAINST AMAZON</u>

51. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

52. Defendant, Amazon, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Step Stool.

53. On or about April 15, 2023, Plaintiff used the Step Stool in the manner intended and/or foreseeably intended, when the Step Stool failed, collapsed and/or otherwise caused injury to Plaintiff.

54. Upon information and belief, the Step Stool was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

55. Defendant, Amazon, knew or should have known of the dangerous nature of the Step Stool

Complaint

by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Step Stool.

56.    Defendant, Amazon, had a duty to provide reasonable warning of the danger involved in the use of the Step Stool and failed to provide the public, including Plaintiff, notice of the danger involved.

57.    As a direct and proximate result of the foregoing, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, Amazon, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VII – PRODUCTS/STRICT LIABILITY AGAINST FUTAI

58.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

59.    At all relevant times, Defendant, FuTai, was in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing Step Stools and did design, manufacture, inspect, test, distribute, sell and/or market the Step Stool giving rise to the subject Complaint.

60.    The Step Stool failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

61.    The Step Stool had not been misused and had not been modified post-sale before it failed.

Complaint

62. The Step Stool was within its anticipated useful life when it failed.

63. The Step Stool failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

64. Specifically, the Step Stool was unreasonably dangerous and/or defective in that:

   a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

   b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

65. That unreasonably dangerous condition and/or defect proximately caused injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

66. Therefore, Defendant, FuTai, is liable to Plaintiff for the aforementioned injuries caused by the defective Step Stool.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, FuTai, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VIII – NEGLIGENCE AGAINST FUTAI

67. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

68. Defendant, FuTai, owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Step Stool, and/or to adequately warn of dangers presented by the product's design.

Complaint

69. Defendant, FuTai, knew, or in the existence of ordinary care, should have known, that the Step Stool was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used.

70. Alternatively, Defendant, FuTai, knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Step Stool such that the type of incident and resulting injuries and damages as described herein would have been prevented.

71. Alternatively, Defendant, FuTai, had actual or constructive knowledge of the means of designing a Step Stool that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendant, FuTai, failed to adequately design, equip and/or manufacture the Step Stool.

72. Alternatively, Defendant, FuTai, negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

73. Alternatively, Defendant, FuTai, failed to prudently design, manufacture, test, inspect, market and/or sell the Step Stool, and/or failed to include a reasonable and safer alternative to the subject defective condition.

74. As a direct and proximate result of Defendant, FuTai's, negligence, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillay Harris, demands judgment against Defendant, FuTai, for compensatory damages, court costs, and such other and additional relief as this Court may

Complaint

deem appropriate.

## COUNT IX – BREACH OF EXPRESS WARRANTY AGAINST FUTAI

75.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

76.    Defendant, FuTai, designed, manufactured, assembled, distributed, inspected, tested and/or sold the Step Stool.

77.    Defendant, FuTai, expressly warranted that the Step Stool was safe for ordinary use when used in compliance with the instructions provided.

78.    Defendant, FuTai's, affirmations regarding the safety of its product formed a basis if the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Step Stool.

79.    The Step Stool did not conform to Defendant, FuTai's affirmations regarding safety.

80.    As a direct and proximate result of Defendant, FuTai's, breach of express warranties, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, FuTai, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT X – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST FUTAI

81.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

Complaint

82. Defendant, FuTai, at all relevant times designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Step Stool.

83. Defendant, FuTai, impliedly warranted that the Step Stool was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the Step Stool's safety features and overall safe condition.

84. Defendant, FuTai, breached their implied warranty of merchantability, as the product did not conform to Defendant's affirmations regarding the safety features and overall safe condition of the Step Stool, the Step Stool was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

85. As a direct and proximate result of Defendant, FuTai's, breach of the implied warranty of merchantability, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, FuTai, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT XI – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST FUTAI

86. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

87. Defendant, FuTai, designed, manufactured, assembled, tested, inspected,

Complaint

distributed, marketed and/or sold the Step Stool.

88.    In selling the Step Stool to Plaintiff, Defendant, FuTai, through its agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Step Stool to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use.  Defendant impliedly warranted that the product would be fit for such particular purpose.

89. Defendant, FuTai, breached its implied warranty of fitness for a particular purpose, as the Step Stool did not conform to Defendant, FuTai's, affirmations regarding its product being fit for such particular purpose.  The Step Stool's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

90.    As a direct and proximate result of Defendant, FuTai's, breach of the implied warranty of fitness for a particular purpose, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, FuTai, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**COUNT XI – FAILURE TO WARN AGAINST FUTAI**

91.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

Complaint

92. Defendant, FuTai, designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Step Stool.

93. On or about April 15, 2023, Plaintiff used the Step Stool in the manner intended and/or foreseeably intended, when the Step Stool failed, collapsed and/or otherwise caused injury to Plaintiff.

94. Upon information and belief, the Step Stool was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

95. Defendant, FuTai, knew or should have known of the dangerous nature of the Step Stool by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Step Stool.

96. Defendant, FuTai, had a duty to provide reasonable warning of the danger involved in the use of the Step Stool and failed to provide the public, including Plaintiff, notice of the danger involved.

97. As a direct and proximate result of the foregoing, Plaintiff suffered severe injury to Plaintiff's body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, Hillary Harris, demands judgment against Defendant, FuTai, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

Complaint

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a jury trial for all issues so triable.

Signed on March 21, 2025

**WOOLF LEGAL**
Attorney for Plaintiff
14500 Roscoe Blvd. 4th Floor
Van Nuys, CA 91402
Telephone:  (323) 804-0730
Email: david@woolflegal.com

By:    /s/ David Woolf, Esq.
       DAVID WOOLF, ESQUIRE
       California Bar No. 306958

Complaint